UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ELECTROMATION OF DELAWARE COUNTY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| WAL-MART REAL ESTATE BUSINESS TRUST and LASALLE GROUP, INC., | ) ) ) |
| Defendants. | ) ) |

CAUSE NO. 1:07-CV-133

## OPINION AND ORDER

This case was removed to this Court from the Allen Circuit Court by Defendants based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 2.) Defendants' Notice of Removal, however, is inadequate.

First, the Notice of Removal states: "Defendants are *informed* that plaintiff is a corporation organized under the laws of the State of Indiana, with its principal place of business in the State of Indiana." (Notice of Removal ¶ 4 (emphasis added).) However, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World*, LLC, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).

Second, the Notice of Removal provides: "Defendant Wal-Mart Real Estate Business

Dockets.Justia.com

Trust is a Delaware business trust with a principal place of business in Arkansas." (Notice of Removal ¶ 2.) However, "the citizenship of a trust is the citizenship of its trustee." *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996); *see also Boyd Machine & Repair Co. v. Freedman*, No. 1:03-CV-57, 2003 WL 21919214, at *1 (N.D. Ind. March 7, 2003) (articulating that the citizenship of a business trust is the citizenship of all its trustees). Therefore, the Court must be advised of the citizenship of all the trustees of Wal-Mart Real Estate Business Trust to ensure that none of its trustees share a common citizenship with Plaintiff. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, if one of the trustees is an unincorporated association, its citizenship "must be traced through however many layers of partners or members there may be." *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320 (7th Cir. 2002).

Therefore, Defendant is ORDERED to supplement the record forthwith as to the citizenship of Plaintiff and Defendant Wal-Mart Real Estate Business Trust, tracing the citizenship of all unincorporated associations through all applicable layers of ownership.

SO ORDERED.

Enter for this 11th day of June, 2007.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge